Cunningham, Presiding Judge,
dissenting:
Our Lien Act here under consideration is almost an exact duplicate of tbe Mechanic’s Lien Act of California, as the same existed in 1899, tbe date of tbe adoption of our act.. Tbe chief difference in tbe two acts being that in California building contracts’exceeding one thousand dollars are required to be recorded, while in our act the amount of such contracts was reduced from one thousand to five hundred dollars. No one can read tbe California act and our own without coming to tbe conclusion that whoever prépared tbe bill which our legislature passed must have bad constantly before him tbe California statute. I believe tbe statute of no other state is so nearly like our own. Before our act bad been adopted, tbe California courts bad frequently placed a construction upon their statutes quite contrary to- tbe conclusion reached in tbe majority opinion in this case. — Sidlinger v. Kerkow, 82 Calif., 42, 22 Pac., 932; Kerckhoff-Cuzner Co. v. Cummings, 86 Calif., 22, 24 Pac., 814; Dennison v. Burrell, 119 Calif., 180, 51 Pac., 1.
Upon an examination of these cases it will be seen that that state bad at least thrice held that a contract under one thousand dollars (five hundred dollars in our state) need not be recorded, but that laborers and material men, where tbe contract was less than that sum, could acquire no right whatever as against tbe owner, without first serving a preliminary notice (or, as it is sometimes called in California, a “stop notice”), and that when *24 such preliminary notice was served, the right of the claimant was limited to the money in the hands of the owner intercepted by this notice, or to the amount to become due the contractor after the serving of the same.
Decided March 10, A. D. 1913.
Judgment affirmed on rehearing November 10, A. D. 1913.
“As our law was adopted after that decision was rendered, the utterances of the Illinois court come to us with a force like unto that of a legislative enactment. ’ ’
In In re Inheritance Tax, Macky Estate, 46 Colo., 79, 102 Pac., 1075, at 92, our supreme court, in a unanimous opinion, participated in by the entire bench, gave to this rule of statutory construction great force, referring to it in this language:
. The majority opinion is, in my judgment, arrived at by violating the rule of statutory construction here under consideration, and by refusing to follow the doctrine touching this rule as announced in the Macky case.
For these reasons, I am compelled to dissent.